969 A.2d 1065

IN THE MATTER OF ANDREW M. KIMMEL,
AN ATTORNEY AT LAW.

March 25, 2009.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–170, recommending that **ANDREW M. KIMMEL,** formerly of **CEDAR KNOLLS,** who was admitted to the bar of this State in 1968, and who has been temporarily suspended from the practice of law since May 24, 2006, be disbarred for his violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.5(a) (charging excessive fees), *RPC* 1.15(a) (knowing misappropriation of funds), *RPC* 1.15(b) (failure to remit funds to third party), *RPC* 3.3(a)(1) (lack of candor toward tribunal), *RPC* 8.1(b) (failure to cooperate with ethics authorities), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), *RPC* 8.4(d) (conduct prejudicial to the administration of justice) and *Rule* 1:20–20 (failure to comply with rules governing suspended attorneys);

And **ANDREW M. KIMMEL** having been ordered to show cause why he should not be disbarred or otherwise disciplined in this matter;

And the Court having determined from its review of the matter that a prospective three-year suspension from the practice of law, together with certain conditions, is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **ANDREW M. KIMMEL** is suspended from the practice of law for a period of three years and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall provide proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that prior to reinstatement to practice, respondent shall reimburse the New Jersey Lawyers' Fund for Client Protection for all claims paid on account of his dishonest conduct pursuant to *Rule* 1:28–3; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.